IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD H. REDMAN,

                      Petitioner,

v.                                              OPINION and ORDER

MICHAEL MEISNER,                          15-cv-353-jdp

                      Respondent.

---

On May 18, 2009, petitioner Richard H. Redman pleaded no contest to second-degree sexual assault of a mentally ill or deficient victim in Dane County Case No. 2009CF228. He was sentenced to 13 years of imprisonment to be followed by seven years of extended supervision. Redman's appellate counsel filed a no-merit brief with the Wisconsin Court of Appeals, but counsel later withdrew the no-merit brief after the court of appeals identified issues of potential merit. Redman's counsel then filed an unsuccessful postconviction motion in circuit court asking for a sentence modification. After Redman's counsel filed a second no-merit brief in the court of appeals, the court of appeals summarily affirmed the judgments of conviction. Redman then filed a pro se motion for postconviction relief in the circuit court that was dismissed as procedurally barred. The court of appeals affirmed the dismissal and the Wisconsin Supreme Court denied Redman's petition for review.

Redman now seeks a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his conviction is invalid and his no-contest plea should be withdrawn for several reasons. After the state filed an answer, along with records from the relevant state court proceedings, both parties submitted briefing. For the reasons set forth below, I conclude that Redman has failed to show a denial of his constitutional rights. Accordingly, his petition will be denied.

BACKGROUND

The following facts are taken from the petition and the state court records provided by Redman and the state.

In Dane County Case No. 2009CF228, Redman was charged with second-degree sexual assault of a cognitively impaired victim under Wis. Stat. § 940.225(2)(c), as a repeater. The underlying allegations accused Redman of engaging in sexual intercourse with the 22-year old cognitively impaired daughter of his then-girlfriend. On May 18, 2009, Redman pleaded no contest to the sexual assault count and, in exchange, the state dismissed the repeater charge and two additional counts that were read in at sentencing. Redman was sentenced to 13 years of imprisonment to be followed by seven years of extended supervision, to be served consecutively to two other sentences.[1]

The state public defender appointed counsel to handle Redman's appeal. Appellate counsel filed a no-merit brief under Wis. Stat. § 809.32, which is Wisconsin's procedure for implementing *Anders v. California*, 386 U.S. 738 (1967). After reviewing counsel's no-merit brief, the Wisconsin Court of Appeals concluded that there were two issues requiring further response by counsel: (1) whether petitioner entered his plea knowingly, voluntarily, and intelligently, in light of the circuit court's failure to engage Redman in a full plea colloquy; and (2) whether trial counsel was ineffective for failing to ask for a "risk-reduction" sentence under a recently enacted Wisconsin law providing for potential early release for offenders completing programming or treatment. Dkt. 15-2. Appellate counsel filed a response stating that both

---

[1] The other sentences were for Redman's convictions for cocaine possession and failure to report to jail. The state charged Redman for these crimes in three separate cases, but the parties resolved all three cases in one plea agreement. Redman's habeas petition discusses only the sexual assault case.

issues identified by the court of appeals had arguable merit, but that Redman had decided to pursue only the sentencing issue. Dkt. 15-3. Based on counsel's letter, the court of appeals rejected the no-merit brief and dismissed the appeal without prejudice. Dkt. 15-4.

On May 23, 2011, counsel filed a postconviction motion in circuit court seeking a modification of Redman's sentence to a risk-reduction sentence. The circuit court denied the motion after a hearing. Dkt. 15-25. Redman's appellate counsel filed a second no-merit brief with the court of appeals, stating that there was no arguable basis to challenge Redman's sentences or to withdraw his plea. Dkt. 15-5. As for the plea in particular, counsel stated that Redman had forfeited any appellate challenge to the validity of his no-contest plea by choosing not to seek withdrawal of his plea in his postconviction motion. *Id.* at 4.

Redman filed two responses to counsel's no-merit brief. First, he filed a document titled "Defendant's Supplement Issues to His State Appointed Appellate Counsel's Postconviction Pursuant to 974.02(1)." Dkt. 15-6. Redman argued that (1) his no-contest plea was involuntarily and unknowingly entered because the plea colloquy was inadequate; (2) the prosecutor breached the plea agreement and trial counsel was ineffective for not objecting to the breach; (3) his plea was involuntary because the circuit court judge failed to explain the legal effect of the read-in charges; and (4) he was sentenced on inaccurate information regarding his prior convictions. *Id.* Redman stated in the document that he did not seek to withdraw his no-contest plea, but was pointing out these errors as grounds for resentencing. *Id.* at 14 ("Defendant is fully aware that his no contest plea can be withdraw[n], but he is not requesting that remedy[,] only to be resentenced."). Redman later filed a supplemental response, arguing that his postconviction counsel was ineffective for failing to challenge the number of Redman's prior convictions. Dkt. 15-7.

Counsel responded to Redman's arguments in a supplement to his no-merit brief. Dkt. 15-8. Counsel reiterated his position that Redman had forfeited his right to complain about any defects in the plea colloquy by failing to seek plea withdrawal in his postconviction motion. *Id.* at 2. Counsel also submitted an affidavit stating that before filing the postconviction motion, he had advised Redman of the risks of seeking plea withdrawal and the procedure for pursuing that relief. Dkt. 15-8, 9. Redman had told counsel that he did not want to withdraw his plea, but only hoped to obtain a reduction of his sentence. *Id.* Redman had sent counsel the same document he had filed with the court of appeals, titled "Defendant's Supplement Issues to His State Appointed Appellate Counsel's Postconviction Pursuant to 974.02(1)," and asked counsel to incorporate those arguments into the postconviction motion. Counsel told Redman that the plea colloquy defects "had no bearing on the validity of his sentences," and that counsel would "include these defects in the postconviction motion only if Redman wished to pursue the withdrawal of his pleas." *Id.*, ¶ 5. Counsel stated in his affidavit that after he confirmed with Redman, by telephone, that Redman did not wish to withdraw his plea, counsel filed the postconviction asking only for the risk reduction sentence. *Id.*, ¶ 6.

The court of appeals affirmed Redman's conviction. Dkt. 15-9. The court concluded that Redman waived his right to challenge his plea on appeal by failing to seek withdrawal of his plea in his postconviction motion. *Id.* at 2. The court also concluded that the circuit court did not err in denying Redman's request for a risk-reduction sentence. *Id.* at 3–4. Redman missed his deadline for filing a petition for review with the Wisconsin Supreme Court. After the filing deadline expired, Redman sought leave from the Supreme Court to file a petition. On May 1, 2013, the Supreme Court denied petitioner's request because the deadline had expired and could not be extended. Dkt. 15-11.

In December 2013, Redman filed a pro se motion for postconviction relief under Wis. Stat. § 974.06 in the circuit court. Dkt. 15-12. Redman alleged that he was (1) illegally arrested in his home without a warrant; (2) the statements he made to the police should be suppressed because they were the product of the illegal arrest, were obtained after he requested counsel, and were involuntary because he was intoxicated when he made them; (3) trial counsel was ineffective for not challenging his arrest, the admissibility of his statements, the admission of the victim's recorded statement, and for failing to explain the elements of the crime; (4) postconviction counsel was ineffective for not raising those issues in postconviction proceedings; (5) his plea was not knowingly, intelligently, and voluntarily entered. *Id.*

The circuit court denied the motion, concluding that Redman's claims were procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994),[2] and *State v. Tillman*, 2005 WI App 71, 281 Wis. 157, 696 N.W.2d 574. Dkt. 15-13. The circuit court found that "[t]he no-merit process in this case was extensive" and that "the no-merit process was followed carefully." *Id.* at 4. The circuit court noted that after the court of appeals rejected the first no-merit brief, Redman "made a considered choice not to seek plea withdrawal but instead to ask for a modified sentence." The court also observed that "[a]s the court of appeals has noted, any further challenge to the plea on appeal has clearly been waived." The circuit court held that "any issues concerning the plea and assistance of counsel with respect to that" which were raised in Redman's Wis. Stat. § 974.06 motion "have been fully and finally

---

[2] In *Escalona-Naranjo*, the Wisconsin Supreme Court held that "due process for a convicted defendant permits him or her a single appeal of that conviction and a single opportunity to raise claims of error." Thus, claims that could have been raised on direct appeal or by prior motion are barred from being raised in a post-conviction motion absent a sufficient reason for not raising the claims earlier. *See State v. Lo*, 2003 WI 107, ¶ 44, 264 Wis. 2d 1, 665 N.W.2d 756.

5

evaluated and determined to be without merit by the court of appeals." *Id.* at 5. With regard to the other issues Redman's motion raised, the court held, Redman "offers no explanation why they were not raised earlier." *Id.*

Redman appealed. On March 19, 2015, the court of appeals summarily affirmed the circuit court's decision, agreeing that Redman's claims were procedurally barred under *Escalona-Naranjo*. The court of appeals explained that Redman's claims "related to the validity of his plea and the assistance of counsel" were procedurally barred because the claims "had either been fully adjudicated or were barred because Redman provided no explanation for why he did not bring those claims earlier." *Id.* at 5. The court of appeals also rejected Redman's argument that ineffectiveness of postconviction counsel was sufficient reason for failure to raise his claims earlier, stating that "Redman fails to explain why he did not raise those issues himself in his no-merit response." *Id.* at 5, n.2. The Wisconsin Supreme Court summarily denied Redman's petition for review on June 12, 2015. Dkt. 20.

ANALYSIS

In his habeas petition, Redman seeks relief on the grounds that: (1) his warrantless arrest inside his home was illegal; (2) his statements to police should have been suppressed because they were the fruit of the illegal arrest, they were obtained after he asked for an attorney, and the police took advantage of his severe intoxication; (3) trial counsel was ineffective by failing to challenge the legality of the arrest and the admissibility of Redman's statements; (4) postconviction counsel was ineffective by not raising the above issues in postconviction proceedings and misadvising Redman that he could not seek to withdraw his plea at the same time he sought a sentence modification; and (5) Redman's plea was not

knowing, intelligent, and voluntary based on counsel's errors detailed above, defects in the plea colloquy, and his lack of understanding of the information that should have been provided.

On August 8, 2016, this court reviewed the petition and concluded that although the state courts had held that Redman's claims were procedurally defaulted, Redman may not be barred from seeking federal habeas review under the Seventh Circuit's holding in *Page v. Frank*, 343 F.3d 901 (7th Cir. 2003). In *Page*, the court of appeals held that the *Escalona-Naranjo* rule does not apply when a petitioner defaults by failing to raise a claim of ineffective assistance of trial or postconviction counsel in a no-merit response on appeal. *Id.* at 908-09. Accordingly, I ordered a response from the state and the case proceeded with briefing. Redman filed a brief in support of his petition, to which the state has responded by arguing that all of his claims are barred by the doctrine of procedural default and also lack merit. I address each of Redman's claims and the state's arguments below.

**A. Procedural default**

I must first determine whether Redman's claims are procedurally defaulted. If they are defaulted, this court is precluded from reaching the merits of Redman's claims unless he demonstrates either that: (1) he has cause for the default and actual prejudice from failing to raise the claim as required; or (2) enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F.3d 1205, 1211–12 (7th Cir. 1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

A claim is procedurally defaulted if a state court dismissed the claim on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010). "A state procedural ground is independent if it was expressly relied

on by the state court in rejecting the claim, and it is adequate if it is a clearly established and consistently followed state practice at the time it is applied." *Johnson*, 624 F.3d at 789–90 (citing *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010)). "Procedure applied in an unprincipled, inconsistent, or freakish manner is inadequate and will not preclude federal habeas review." *Johnson*, 624 F.3d at 790.

In this instance, the state courts did not reach the merits of Redman's claims, all of which were included in his 2013 postconviction motion under § 974.06, but instead expressly dismissed them on state law procedural grounds that were independent of the federal questions now implicated. Specifically, the state courts concluded that Redman had defaulted all of his claims under Wis. Stat. § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Under those rules, issues that were previously adjudicated, or could have been but were not raised in earlier appeals or postconviction motions, cannot be raised in a later postconviction motion under § 974.06 unless the party establishes "sufficient reason" for failing to raise the issues in earlier postconviction motions, petitions, and appeals. The *Escalona-Naranjo* procedural bar applies when a defendant's postconviction motion and direct appeal were resolved via the no-merit procedure under Wis. Stat. § 809.32, so long as the no-merit procedures were followed and if there is "a sufficient degree of confidence warranting the application of the procedural bar under the particular facts and circumstances of the case." *Tillman*, 281 Wis. 2d 157, ¶¶ 19–20. In Redman's case, the circuit court and court of appeals rejected Redman's § 974.06 motion on the ground that Redman failed to provide a "sufficient reason" why he had not raised his arguments in his first postconviction motion or in his response to appellate counsel's no-merit brief.

8

The state argues that the court of appeals' application of the *Escalona-Naranjo* procedural bar is an adequate and independent state-law basis for rejecting Redman's claims. If the state is correct, all of Redman's claims are procedurally defaulted. However, the Court of Appeals for the Seventh Circuit has held that *Escalona-Naranjo* is not an "adequate" basis for rejecting a Wisconsin habeas petitioner's claim when the default was caused by the petitioner failing to raise the claim in his pro se response to a no-merit brief, especially when the allegedly defaulted claim involves ineffective assistance of trial counsel. *Johnson*, 624 F.3d at 789–91; *Morales v. Boatwright*, 580 F.3d 653, 660–62 (7th Cir. 2009); *Page v. Frank*, 343 F.3d 901, 907–09 (7th Cir. 2003).

This is for two reasons. First, habeas review is not barred when a state applies a procedural rule in "an unprincipled, inconsistent, or freakish manner," and the Seventh Circuit has found Wisconsin's appellate procedures inconsistent to the extent that they deem ineffective-assistance claims waived if not raised in a pro se response to a no-merit brief. *Johnson*, 624 F.3d at 789. The court of appeals noted that, at least before 2010, Wisconsin courts did not allow an ineffective-assistance claim to be raised on direct appeal unless the criminal defendant first raised the claim in a postconviction motion filed in the trial court. *Id.* at 790. But in a no-merit appeal, appellate counsel likely will not have filed a postconviction motion in the trial court, and therefore the defendant will be prohibited from raising an ineffective-assistance claim in his pro se response to the no-merit brief. *Id.* Thus, reasons the Seventh Circuit, it would be unfair to deem an ineffective-assistance claim waived based on the defendant's failure to raise it in a pro se response to a no-merit brief. *Id.*

The second reason the Seventh Circuit has declined to find a claim procedurally defaulted based on the failure to raise it in response to a no-merit report is that doing so would

be inconsistent with the defendant's Sixth Amendment right to counsel during his first appeal as of right. *Page*, 343 F.3d at 909. In particular, "[i]t would be incongruous to maintain that [a defendant] has a Sixth Amendment right to counsel on direct appeal, but then to accept the proposition that he can waive such right by simply failing to assert it in his pro se response challenging his counsel's *Anders* motion." *Id.*

The state responds that the Seventh Circuit's holdings in *Page* and *Johnson* were undermined by the Wisconsin Supreme Court's decision in *State v. Allen*, 2010 WI 89, 328 Wis. 2d 1, 786 N.W.2d 124. In *Allen*, the Wisconsin Supreme Court made it clear that a defendant *may* raise an ineffective-assistance claim in his pro se response to a no-merit report, even if appellate counsel did not preserve that claim by raising it in a postconviction motion in the trial court. *Id.*, ¶ 4. The court also confirmed that if there was a prior no-merit appeal, a defendant will be procedurally barred from challenging the effectiveness of his trial or postconviction counsel in a § 974.06 motion unless the defendant has "sufficient reason" for failing to raise the challenge in response to counsel's no-merit brief. *Id.*, ¶ 35 (holding that defendant was barred from raising claims related to ineffective assistance of postconviction counsel because defendant had no "sufficient reason" for failing to raise them in response to earlier no-merit brief). Finally, the court noted that the Seventh Circuit's interpretation of Wisconsin law in *Page* did not account for the "broad scope" of the review provided under Wisconsin's no-merit procedures. *Id.*, ¶ 88 (stating that "court of appeals in a no-merit appeal should identify issues of arguable merit even if those issues were not preserved in the circuit court, especially where the ineffective assistance of postconviction counsel was the reason those issues were not preserved for appeal").

The *Allen* decision appears to address many of the concerns raised by the Seventh Circuit in *Johnson* and *Page*. *Allen* clarifies that defendants *can* raise ineffective assistance of counsel claims in response to a no-merit brief regardless of Wisconsin's general prohibition against raising claims on appeal that were not first presented to the trial court. In this case, the state argues that because *Allen* was decided in 2010, before Redman responded to counsel's no-merit briefs in 2011, the court should find that Redman's claims are procedurally defaulted. *Compare Johnson*, 624 F.3d at 791, n.2 (declining to address *Allen*'s effect on *Page* because *Allen* had not been decided at time of petitioner's no-merit appeal).

However, it is not clear whether *Allen* addresses the Sixth Amendment concerns raised in *Page.* In particular, there is still be a question whether requiring a defendant to raise arguments in response to a no-merit brief deprives the defendant of the right to counsel on appeal. Until the Court of Appeals for the Seventh Circuit addresses this issue and decides whether *Escalona-Naranjo* is an "adequate" state procedural bar after *Allen*, I will continue to follow the court of appeals' holdings in *Page* and *Johnson*. Therefore, I conclude that Redman's claims are not procedurally defaulted. Accordingly, I will consider the merits of Redman's claims.

**B. Merits review under § 2243**

Because the state courts did not address the merits of Redman's claims, the court applies the standard of review in 28 U.S.C. § 2243, which instructs the court to "dispose of the matter as law and justice require." This review is de novo, *Johnson*, 624 F.3d at 791, though the court accepts factual findings made by the state courts so long as they are reasonable. *Morris v. Bartow*, 832 F.3d 705, 713 (7th Cir. 2016).

As a starting point, I must consider the effect of Redman's unconditional no-contest plea. "It is well established that an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered. A plea of no contest invokes the same waiver principle." *Gomez v. Berge*, 434 F.3d 940, 942–43 (7th Cir. 2006) (citations omitted). *See also United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005) ("By pleading guilty a defendant normally surrenders an opportunity to contest the merits, waiving (not just forfeiting) all arguments that could have been raised earlier."). Because Redman pleaded no contest, he may attack his conviction only by challenging the state court's jurisdiction or the voluntary and intelligent character of his plea. *United States v. Broce*, 488 U.S. 563, 574 (1989).

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotations omitted). "A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea . . . [a] plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel." *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002) (internal citations omitted).

Under these principles, Redman waived his standalone claims relating to his arrest and interrogation (claims 1 and 2 of his petition) by pleading no contest. These claims are based on alleged constitutional violations that occurred before Redman pleaded no contest. Redman states in his petition that the police entered his home and arrested him without a warrant, consent, or exigent circumstances. After he was arrested, Redman says that he asked for a lawyer immediately and was then was transported to jail. Redman became severely ill from

alcohol poisoning and cocaine use and was taken to a hospital for treatment. Upon his return from the hospital, Redman agreed to a police interview without counsel. Redman contends that the interrogation should have been suppressed because it was the fruit of the unlawful arrest, violated his right to counsel, and was taken while he was in an intoxicated and weakened state. But none of these claims would affect the validity of Redman's plea or the state court's jurisdiction, so these claims would not support habeas relief unless Redman's plea were somehow invalid, an issue I address in the rest of this opinion. *See Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[A] Fourth Amendment claim ordinarily may not be raised in a habeas proceeding following a plea of guilty [because] the claim is irrelevant to the constitutional validity of the conviction."); *Sanders v. Israel*, 717 F.2d 422, 432 (7th Cir. 1984) ("An illegal arrest . . . is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings.") (citations omitted).

Redman's remaining claims are based on ineffectiveness of his trial, postconviction, and appellate counsel, and on a challenge the plea colloquy itself. A defendant can challenge the validity of a guilty or no-contest plea by demonstrating that counsel was ineffective during the plea process. *Hill*, 474 U.S. at 56; *Koons v. United States*, 639 F.3d 348, 350–51 (7th Cir. 2011). A defendant challenging a guilty plea based on ineffective assistance of counsel must show that his "representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In the context of a guilty plea, the prejudice requirement is satisfied if the defendant shows "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. This determination depends on

13

whether, absent the error, defendant's counsel would have changed his "recommendation as to the plea" which in turn depends on whether "the evidence likely would have changed the outcome of a trial." *Id. See also Avila v. Richardson*, 751 F.3d 534, 536 (7th Cir. 2014); *Morales*, 580 F.3d at 659. I address Redman's claims challenging the validity of his plea below.

1. **Trial counsel's failure to challenge the legality of Redman's arrest and admissibility of his statements to the police**

Redman's contends that his trial counsel was ineffective for failing to challenge Redman's arrest and statements to the police. Redman argues that because his arrest was unlawful, the criminal charges against him should have been dismissed. This argument is based on a misunderstanding of the law. An unlawful arrest does not immunize a person from prosecution. *United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction."); *United States v. Ruffin*, 389 F.2d 76, 79 (1968).

If the state court had agreed that Redman's arrest was improper, he could have, at best, won a suppression motion for evidence obtained as a result of the illegal arrest. However, Redman does not allege that the police obtained any evidence as a result of the arrest besides his own statement. As for his statement, Redman says that he provided incriminating information, Dkt. 1, at 20, but he provides no details about what information he provided to the police. He says that suppression of the statement would have resulted in dismissal of the charge against him, but he has provided no evidence to support this conclusory argument. Significantly, he does not say that he provided information the police did not have already or otherwise made statements that would have been critical to the state's case against him. Instead, Redman says, "quite honestly, [he] cannot recall what was said in the statement." Dkt.

22, at 13. Redman has provided no basis on which the court could conclude that he would have taken his chances at trial had his statement been suppressed. He certainly has not shown that suppressing his statements to the police "would have changed the outcome of a trial." *Hill*, 474 U.S. at 59. Accordingly, this claim fails.

> **2. Trial counsel's failure to interview the victim and erroneous advice regarding the ability to cross-examine her**

Redman next contends that his plea is invalid because trial counsel did not interview the victim and incorrectly told him that the victim's recorded statement could be admitted at trial without her being subject to cross-examination. Redman cites no evidence to support this claim and instead bases it entirely on his own unsupported allegations. Even assuming that Redman is correct about counsel's failure to interview the victim and erroneous advice about her testimony, the claim still fails. His assertion that he would not have accepted the plea agreement but for counsel's bad advice is conclusory and vague. He does not explain how the advice influenced his decision to plead no contest, does not say what he believes counsel would have learned by interviewing or cross-examining the witness, and does not say why he believes he would have succeeded at trial if the victim had been cross-examined. Instead, he argues only that counsel may have "develop[ed] potential impeachment information from her." Dkt. 1, at 15. This is not a sufficient basis to invalidate a no-contest plea. Accordingly, this claim fails. *See Hill*, 474 U.S. at 60 (to obtain hearing on claim that he pleaded guilty based on counsel's bad advice, defendant must show that he placed particular emphasis on the advice).

15

**3. Additional challenges to the validity of Redman's plea**

Redman raises several more challenges to whether his plea was knowing, voluntary, and intelligent. However, the record in this case belies any suggestion that his plea was not knowing or voluntary for any of the reasons offered.

Redman argues that his plea was not knowing because he did not understand the effect of the read-in charges. However, the circuit court explained to Redman at the plea hearing that it could consider the read-in charges at sentencing despite their dismissal, and Redman said he understood. Dkt. 15-23, at 7–9. Redman's statements at the plea hearing are presumed to be truthful. *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). He cannot now seek to withdraw his plea by contradicting his admissions at the plea hearing. *Wozny v. Grams*, 539 F.3d 605, 610 (7th Cir. 2008).

Next, Redman contends that three errors at the plea colloquy made his plea not knowing, voluntary, and intelligent. First, he says the circuit court failed to inquire into his education and ability to comprehend the proceedings, as required by Wisconsin law. However, "errors of state law are not cognizable on habeas review." *Arnold v. Dittmann*, 901 F.3d 830, 835 (7th Cir. 2018). Further, Redman concedes that the plea questionnaire provided to the court stated that Redman had 15 years of education, Dkt. 1, at 24, and Redman gives no reason why the judge would have been unable to determine his ability to understand proceedings based on his interactions with him.

For the second error, Redman contends that neither the court nor trial counsel adequately explained the elements of the crime to him and, in particular, that the victim had to be sufficiently impaired for Redman's conduct to fall under the statute. A review of the plea hearing establishes that the circuit court judge explained the elements of Wis. Stat. §

940.225(2)(c) to Redman, including that the state would have to prove Redman's knowledge of the victim's mental deficiency. Dkt. 15-23 at 5–7. Redman stated at the plea hearing that he understood the elements of the offense, had reviewed them with his counsel, and understood the potential sentence he could receive. *Id.* at 7. He also stated that he did not dispute that facts set forth in the complaint that formed the basis for the charge. *Id.* at 11. By making these statements and pleading no contest, Redman gave up the right to hold the state to its proof or to raise defenses in a collateral attack on his conviction. He cannot now obtain habeas relief by contradicting what he said at the plea hearing. *Wozny*, 539 F.3d at 610.

Further, there no reason to think that Redman would not have pleaded no contest even if the court accepts his contention that he did not fully understand the elements of the sexual-assault offense. He says the nature of the sexual-assault offense was complex, in light of the state's burden to prove he knew about the victim's mental deficiencies. However, he does not deny knowing about the victim's cognitive impairments and does not deny that he had sexual contact with her. Dkt. 1, at 25. Under these circumstances, there is no reason to believe that further elaboration of the state's burden of proof by trial counsel or the circuit court would have caused Redman to change his plea. "[A] mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005). "The defendant must go further and present objective evidence that a reasonable probability exists that he would have taken that step." *Id.* Redman has not explained why further explanation would have affected his decision to plead.

For the third error at the plea colloquy, Redman argues that the circuit court relied improperly on a plea questionnaire to establish his understanding of the rights he was waiving by pleading. This argument is undeveloped and vague. Redman admits that the circuit court

presented him a waiver of rights form that listed the constitutional rights he was waiving by pleading guilty or no contest. Dkt. 1, at 25. Redman told the court at the plea hearing that he reviewed the form with counsel and understood the constitutional rights he was giving up by pleading no contest. Dkt. 15-23 at 3-4. He does not explain why this was constitutionally insufficient or why further explanation of the rights he was giving up would have caused him to change his plea. In short, the record shows Redman was aware of the consequences and benefits of entering into the plea agreement and decided to plead no contest knowingly and voluntarily. Accordingly, Redman has failed to show that he is entitled to habeas relief based on any defects at his plea hearing.

### 4. Postconviction counsel's failure to challenge trial counsel's performance and advise Redman about his options

Redman also contends that postconviction counsel was ineffective for (1) failing to assert trial counsel's ineffectiveness and (2) advising him that he could pursue only his sentence-modification motion after the court of appeals rejected the first no-merit brief. However, because Redman has not shown that trial counsel was ineffective for any reason, Redman cannot succeed on a claim that postconviction counsel should have challenged trial counsel's performance. The Sixth Amendment does not require at attorney to pursue meritless arguments. *Peterson v. Douma*, 751 F.3d 524, 533 (7th Cir. 2014).

Redman also has not shown that postconviction counsel failed to advise him that he could seek plea withdrawal simultaneously with his sentence modification motion. As the state courts found, the record shows that postconviction counsel explained Redman's options to him and that Redman instructed counsel to pursue only the sentence modification motion. The factual findings of the state courts regarding Redman's communications with his

postconviction and appellate attorney bind this court as long as they are reasonable, and they are. *Morris*, 832 F.3d at 713 (rejecting challenge to guilty plea, on de novo review, because state courts found that defendant "never communicated to his appellate lawyer [] that he thought he had been pressured unfairly into pleading guilty"). The record contains postconviction counsel's letter to the court of appeals stating that Redman wanted to proceed only with the sentence modification argument, Dkt. 15-3, as well as counsel's sworn affidavit stating that Redman told him during multiple conversations that he did not want to withdraw his plea, Dkt. 15-2. Additionally, in all of Redman's own communications to the court of appeals, he stated that he wanted his sentence reduced but did not want to withdraw his plea. Dkts. 15-6 and 15-7. Not until after the circuit court refused to reduce Redman's sentence and the no-merit appeal had concluded did Redman begin seeking withdrawal of his plea. In sum, the record shows that postconviction counsel advised Redman of his options and Redman instructed counsel to pursue only sentence modification. Postconviction counsel was not ineffective for failing to pursue an argument that Redman specifically instructed him not to make.

## C. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Redman has failed to make a substantial showing of a denial of a constitutional right. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1. Petitioner Richard H. Redman's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Redman is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered November 7, 2018.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge